IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ESPERANZA GUERRERO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                ) | 1:09cv1313 (JCC/TRJ) |
| ) | |
| CHARLIE T. DEANE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Officer David Moore's ("Defendant" or "Officer Moore") Motion for Leave to File a Memorandum in Support of Motion in Limine [Dkt. 196] (the "Motion").  For the following reasons, the Court will deny Defendant's Motion.

**I.   Background**

A.   Factual Background

The factual background of this case is recited in detail in the Court's October 27, 2010, Memorandum Opinion granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiffs' motion for partial summary judgment.  *See Guerrero v. Deane*, 750 F. Supp. 2d 631 (E.D. Va. 2010).  Familiarity with that Memorandum Opinion is presumed.

To summarize, on November 24, 2007, Defendant Officer David Moore, an officer in the Prince William County Police Department, went to Plaintiffs' home in order to serve a summons on one Antonia Munguia.  Plaintiff Esperanza Guerrero answered the door and told Officer Moore that Ms. Munguia was not present.  Ms. Guerrero then asked Officer Moore for his business card.  Officer Moore produced his card and stepped onto the threshold of the Guerreros' home.  The parties dispute what happened next.  According to Plaintiffs, Ms. Guerrero then began closing the door, and Officer Moore attempted to force his way into the home.  According to Defendant, Ms. Guerrero initially took a step backward while further opening the door, but then charged forward and pushed Officer Moore out of the house.  The parties agree that the door closed on Officer Moore's leg or foot.  Officer Moore struggled against the door, attempting to enter the home and arrest Ms. Guerrero.

While his foot was wedged in the door, Officer Moore called for assistance.  The first officer to respond was Officer Luis Potes, followed immediately by Officers Matthew Caplan and Adam Hurley.  The officers pushed open the door, freeing Officer Moore's leg, and entered Plaintiffs' home.  The officers' entry forced Ms. Guerrero to the floor.  As the officers were placing Ms. Guerrero under arrest, her husband, Juan Guerrero, came towards the officers, either running rapidly or walking fast.

Once Mr. Guerrero was very close to the officers, an officer deployed pepper spray on him.  Both Mr. Guerrero and Ms. Guerrero were placed under arrest and placed in custody at the Adult Detention Center.  Both suffered minor injuries as well.  As a result of the incident, Plaintiffs alleged violations of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and asserted certain Virginia state-law claims.

> B.   Procedural Background

Plaintiffs filed a Second Amended Complaint on July 2, 2010 (the "Complaint"). [Dkt. 70.]  On September 10, 2010, Defendants filed a motion for summary judgment [Dkt. 107], and Plaintiffs filed a motion for partial summary judgment [Dkt. 112].  On October 12, 2010, the Court contacted the parties and informed them that Plaintiffs' motion for partial summary judgment was denied, and that Defendants' motion for summary judgment was granted as to all Defendants and all counts except as to Officer Moore and Plaintiffs' unreasonable search claim.

On October 14, 2010, Defendants filed a motion to continue the trial date and suspend the interim filing schedule. [Dkt. 144.]  The Court denied Defendants' motion on October 15. [Dkt. 146.]  The same day, Defendants filed a motion in limine. [Dkt. 153.]  The motion in limine sought to exclude, among other things, evidence as to what took place after Officers Potes,

Caplan, and Hurley arrived at Ms. Guerrero's house, and all portions of the audiotape of Plaintiffs' 911 call after 6:23 minutes into the tape.

On October 18, 2010, this case was stayed pending adjudication of Officer Moore's interlocutory appeal on the issue of qualified immunity. [Dkt. 161.] On October 27, 2010, the Court issued its Memorandum Opinion and Order granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiffs' motion for partial summary judgment. [Dkts. 165, 166.]

On August 4, 2011, the Fourth Circuit affirmed the Court's partial denial of Defendants' motion for summary judgment. [Dkt. 180.] The Fourth Circuit denied Officer Moore's petition for rehearing and rehearing en banc on September 6, 2011. [Dkt. 183.] And, the Supreme Court denied Officer Moore's petition for certiorari on March 26, 2012.

On June 27, 2012, Defendant moved to file a memorandum in support of the October 15, 2010 motion in limine. [Dkt. 196.] Plaintiffs filed an opposition on July 12, 2012. [Dkt. 198.]

Defendant's Motion is now before the Court.

## II.  Analysis

As noted above, Defendant's October 15, 2010 motion in limine sought to exclude evidence of all events that occurred

after Officers Potes, Caplan, and Hurley arrived at the Guerreros' house as well as all portions of a 911 audiotape after 6:23 minutes into the tape.  The motion in limine was filed before the Court issued its Memorandum Opinion and Order on the cross-motions for summary judgment.  Defendant now seeks to support the motion in limine with a memorandum, so that he can draw on the Court's findings and reasoning as set forth in the Memorandum Opinion.  Defendant explains that such a memorandum could not be filed earlier, as the case was stayed prior to the issuance of the Memorandum Opinion.

As Plaintiffs point out, the Court entered a scheduling order prescribing a deadline of October 15, 2010, for filing motions in limine.  [Dkt. 102.]  By now seeking to file a memorandum in support of the October 15, 2010 motion in limine, Defendant in effect asks the Court to postpone the deadline.  Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, a scheduling order may only be modified upon good cause.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause shown . . . ."); E.D. Va. Loc. Civ. R. 16(b) ("The parties and their counsel are bound by the dates specified in any such orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause.")  The factors to be considered in determining whether there is good cause include

5

the "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010).

Here, the justification offered by Defendant for filing the memorandum -- *i.e.*, because the original motion in limine was filed prior to the issuance of the Court's Memorandum Opinion and Order -- is unpersuasive.[1] A review of the original motion reveals that Defendant knew the essence of the Court's ruling at that time. Defendant correctly ascertained that "[q]ualified immunity is denied as to Defendant Moore's stepping onto the Guerrero's [sic] doorframe to serve a summons and/or give Esperanza the business card that she had asked for" and that "the remaining issue for trial is whether Moore reasonably interpreted Esperanza's words and actions as an implied invitation to step onto the doorframe to hand her the card." (Mot. in Limine [Dkt. 153] at 2.) This is entirely consistent with what was later stated in the Memorandum Opinion: "Defendants have not made a showing that no reasonable juror could return a verdict for Plaintiffs with respect to whether Ms. Guerrero impliedly consented to Officer Moore's entry into

---

[1] Indeed, the Court implicitly rejected the notion that availability of the Court's Memorandum Opinion was necessary for the parties' motions in limine when it denied Defendants' motion seeking to suspend the interim filing schedule on October 15, 2010.

the Guerrero home." *Guerrero v. Deane*, 750 F. Supp. 2d 631, 643 (E.D. Va. 2010).  As such, Defendant's need to file a memorandum based on the findings and reasoning of the Memorandum Opinion is not readily apparent.

Tellingly, while Defendant represents that he merely wishes to provide further support for the original motion, he in fact aims to expand the scope of evidence he asks to have excluded.  For example, in the original motion, Defendant only submitted that "no testimony or evidence should be presented at trial as to any events that took place after Officers Potes, Hurley and Caplan arrived on the scene and saw Moore's leg in the door" and that "all portions of the '911' audiotape after 6:23 minutes into the tape . . . should be inadmissible at trial . . . ."  (Mot. in Limine at 3.)  However, in his proposed memorandum, Defendant seeks to exclude from trial "all evidence relating to events that occurred *after* Ms. Guerrero slammed the door on Officer Moore" and all portions of the 911 audiotape. (Proposed Mem. [Dkt. 196-1] at 6.)  These additions belie Defendant's position that the proposed memorandum is a mere supplement to the original motion.  In short, Defendant has failed to demonstrate that good cause exists that would warrant an amendment of the Court's scheduling order.

### III. Conclusion

For these reasons, the Court will deny Defendant's Motion for Leave to File a Memorandum in Support of Motion in Limine.

An appropriate Order will issue.

/s/

July 27, 2012                 James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE