IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ESPERANZA GUERRERO, *et al.*    )
                                )
    Plaintiff,              )
                                )
                                )
        v.                  )    1:09cv1313 (JCC/TCB)
                                )
CHARLIE DEANE, *et al.*         )
                                )
    Defendant.              )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Officer David

Moore's ("Defendant" or "Officer Moore") Motions *in Limine* both

to exclude, as well as to admit, a wide array of testimony and

evidence.[1]  [Dkt. 153.]  For the following reasons, the Court

will rule on Defendant's various motions as follows.

**I.  Background**

    A.  Factual Background

The factual background of this case is recited in

detail in the Court's October 27, 2010, Memorandum Opinion

granting in part and denying in part Defendants' motion for

summary judgment and denying Plaintiffs' motion for partial

---

[1] Whereas this case formerly entailed multiple defendants as a consequence of
the various claims brought on behalf of the Plaintiffs, this Court granted
summary judgment as to all claims excepting Plaintiffs' unreasonable search
claim against Officer David Moore.  As Officer Moore remains the only
defendant against whom there exists a claim, this Court will refer to him
singularly as the Defendant.

summary judgment.  *See Guerrero v. Deane*, 750 F. Supp. 2d 631 (E.D.Va. 2010).  Familiarity with that Memorandum Opinion is presumed.

To summarize, on November 24, 2007, Defendant Officer David Moore, an officer in the Prince William County Police Department, went to Plaintiffs' home in order to serve a summons on one Antonia Munguia.  Plaintiff Esperanza Guerrero answered the door and told Officer Moore that Ms. Munguia was not present.  Ms. Guerrero then asked Officer Moore for his business card.  Officer Moore produced his card and stepped onto the threshold of the Guerreros' home.  The parties dispute what happened next.  According to Plaintiffs, Ms. Guerrero then began closing the door, and Officer Moore attempted to force his way into the home.  According to Defendant, Ms. Guerrero initially took a step backward while further opening the door, but then charged forward and pushed Officer Moore out of the house.  The parties agree that the door closed on Officer Moore's leg or foot.  Officer Moore struggled against the door, attempting to enter the home and arrest Ms. Guerrero.

While his foot was wedged in the door, Officer Moore called for assistance.  The first officer to respond was Officer Luis Potes, followed immediately by Officers Matthew Caplan and Adam Hurley.  The officers pushed open the door, freeing Officer Moore's leg, and entered Plaintiffs' home.  The officers' entry

2

forced Ms. Guerrero to the floor.  As the officers were placing

Ms. Guerrero under arrest, her husband, Juan Guerrero, came

towards the officers, either running rapidly or walking fast.

Once Mr. Guerrero was very close to the officers, an officer

deployed pepper spray on him.  Both Mr. Guerrero and Ms.

Guerrero were placed under arrest and placed in custody at the

Adult Detention Center.  Both suffered minor injuries as well.

As a result of the incident, Plaintiffs alleged violations of

the Fourth Amendment to the United States Constitution pursuant

to 42 U.S.C. § 1983 and asserted certain Virginia state-law

claims.

      B.   Procedural Background

Having been informed by this Court prior to the issuance of

a written opinion and order that its Renewed Motion for Summary

Judgment [Dkt. 107] would not be granted in its entirety,

Defendants filed the present Motion *in Limine* on October 15,

2010 ("Def.'s Mot.").  On October 27, 2010, this Court issued a

Memorandum Opinion and Order denying Plaintiffs' Motion for

Partial Summary Judgment and granting Defendant's Renewed Motion

for Summary Judgment as to all defendants and all counts with

the exception of Count I of unreasonable search as to Officer

David L. Moore. [Dkt. 166.]  Plaintiffs filed their Opposition

to Defendants Motion *in Limine* on August 3, 2012 ("Opp'n").

[Dkt. 206.]

## II. Standard of Review

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41. A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *see also United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). "[The Court of Appeals] will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" *Id.* (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

As a general matter, all relevant evidence is admissible unless there are constitutional, statutory, and rule-based exceptions preventing its admission. *See* Fed. R. Evid. 402. Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Consequently, what

constitutes "relevant evidence" depends on the facts of the
case, the nature of the claims, and the associated defenses to
the claims.

### III. Analysis

#### A. Defendant's Motions *in Limine* to Exclude

Defendant has made a series of motions *in limine* to exclude
a wide range of evidence and testimony, as well as several
motions to admit.  The Court addresses each of these motions in
turn, adhering to the same organizational structure adopted by
the Defendant in his omnibus filing.  As a threshold matter, as
a result of this Court's summary judgment rulings, only Claim I
of unreasonable search remains against the sole remaining
Defendant, Officer David Moore.

##### 1. Motion *in Limine* to Exclude Defendants Does and Roes

Defendant asserts that Defendants Does and Roes should be
dismissed from the lawsuit, citing a prior concession by the
Plaintiffs to that effect. (Def.'s Mot. 3.)  Plaintiffs do not
oppose this motion and correctly cite this Court's prior summary
judgment order as leaving Officer Moore as the only remaining
Defendant in this case.  (Opp'n 3.)  Con

sequently, Defendant's first motion *in limine* is moot.

##### 2. Motion *in Limine* to Exclude All Other Defendants and Counts Except Count I as to Sergeant Moore

Defendant has moved to exclude all other Defendants and all other counts in this case with the exception of Count I as to Officer Moore.  (Def.'s Mot. 3.)  Without prejudice to their right to appeal this Court's summary judgment order, Plaintiffs do not oppose this course of action.  (Opp'n 3.)  Indeed, the Court's previous summary judgment order has left this case in the very posture requested by the Defendant and, as a consequence, Defendant's second motion *in limine* is moot.

        3.  <u>Motion *in Limine* to Exclude All Testimony and</u> <u>Evidence Relating to Events that Transpired</u> <u>After the Arrival of Officers Potes, Hurley,</u> <u>and Caplan</u>

Defendant's third motion *in limine* seeks to exclude as irrelevant all evidence and testimony relating to the events that transpired after the arrival of Officers Potes, Hurley, and Caplan arrived on the scene and observed Officer Moore's leg in the door.  Defendant justifies this motion by invoking this Court's grant of summary judgment as to the claims against the three aforementioned officers.  (Def.'s Mot. 3.)  Defendant has not cited any legal authority or case law to support this motion.  Plaintiffs posit a three-fold argument in opposition to this motion.  First, Plaintiffs assert that the evidence is necessary to preserving the narrative integrity of their case. Second, Plaintiffs assert that the evidence is probative of the unlawful nature of Defendant's entry and assists in establishing

Esperanza's lack of consent to the entry.  Third, Plaintiffs
assert that the evidence aids in establishing the extent of her
resultant injuries.  (Opp'n 4-6.)

Evidence sought to be admitted must satisfy Rule 403's
requirement that the probative value of the evidence must not be
"substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by
considerations of undue delay, waste of time, or needless
presentation of cumulative evidence."  Fed. R. Evid. 403.

As a general matter, it is difficult for this Court to
foresee the precise evidence and testimony that will be
presented and elicited by the parties at trial.  Implementing
such a chronological demarcation, such as the one proposed by
the Defendant, has the potential to inadvertently exclude
evidence or testimony that would be proper but for the temporal
barrier to its admission. No ruling can be made at this time as
to whether it would cause unfair prejudice or as to whether it
is inadmissible hearsay.  It is impossible for this Court to
determine that all such potential evidence and testimony is
irrelevant without knowledge of the specific content or purpose
for which any such evidence will be put forth.  Defendant can be
assured that no witness will be allowed to offer inappropriate
opinion evidence or testimony based upon mere speculation in

this Court.  Consequently, this Court will deny Defendant's
motion.

  4. Motion *in Limine* to Exclude Portions of the
     911 Audiotape After 6:23

Defendant's fourth motion *in limine* moves to exclude as
unfairly prejudicial the portion of 911 call that was recorded
past six minutes and twenty-three seconds into the audiotape.
Defendant asserts that this portion of the audiotape captures
only the period during which the officers entered the house, a
fact they believe to be indicated by the increased level of
"screaming" audible on the recording.  (Def.'s Mot. 3.)
Defendant asserts that its exclusion is proper as a consequence
of this Court's summary judgment as to all matter relating to
Defendants' entry into the house.  (*Id.*)  Defendant further
asserts that "[a]ny remaining value of the 911 tape is more
prejudicial than probative to the remaining events at issue."
(*Id.* at 4.)  Defendant has not cited any legal authority or case
law to support this motion.

In their opposition to the motion, Plaintiffs assert that
the audiotape has probative value on several issues relevant to
the disposition of the case at issue.  First, Plaintiffs assert
that exclusion of that portion of the audiotape would mislead
the jury and "violate the Rule of Completeness."  (Opp'n 7.)
Second, Plaintiffs consider the entirety of the audiotape "an

important piece of evidence supporting [their] claim that
Defendant entered the home unlawfully" and that the recording is
probative of Esperanza's lack of consent to Officer Moore's
entry. (*Id.* at 8.)   Third, Plaintiffs assert that the audiotape
is demonstrative of the family's "psychological injuries" and
"damages" resulting from the entry and cite the recording as
supportive of the "actual injury" element of their § 1983 claim
against Defendant. (*Id.* at 8-9.)   Finally, Plaintiffs state
that admission of the audiotape in its entirety would not
violate Rule 403 and assert that its probative value outweighs
any unfair prejudice that might result from the audiotape's
admission. (*Id.* at 9-10.)

     Rule 106 of the Federal Rules of Evidence, to which the
Plaintiffs refer in their opposition to Defendant's motion,
states that:

> When a writing or recorded statement or part
> thereof is introduced by a party, an adverse
> party may require the introduction at that
> time of any other part or any other writing
> or recorded statement which ought in
> fairness to be considered contemporaneously
> with it.

Fed. R. Evid. 106.

     The Court will deny Defendant's motion.   The audiotape is
admissible as relevant to the purpose of demonstrating
Plaintiffs' damages.   Although it is true that the audiotape
does contain "screaming" past the 6:23 mark, characterizing such

material as simply prejudicial to Defendant does not exemplify the breadth of its relevance to this case.  Regardless of the jury's ultimate findings in this case, there can be no doubt that the incident of November 24, 2007 was a psychologically traumatic experience for the Plaintiffs, particularly those minor Plaintiffs that are audible in the 911 call.  To be sure, it is incumbent upon Plaintiffs to offer evidence that the individuals heard on the audiotape are, in fact, the Plaintiffs in the present case.  In the event that Plaintiffs are able to provide such evidence, it is clear to this Court that the 911 call is relevant to the issue of damages, particularly those of a psychological nature that Plaintiffs propose to address at trial.  Consequently, Defendant's motion is denied.

   5. Motion *in Limine* to Exclude Testimony or
      Evidence as to Damages and Plaintiffs' Expert
      Dr. Avram Mack

     Defendant's fifth motion *in limine* moves to exclude the presentation of all testimony and evidence as to damages.  In particular, Defendant seeks to exclude the testimony of Plaintiffs' expert Dr. Avram Mack, M.D., as well as any report that he may file in conjunction with his appearance as a witness at trial.  Defendant argues that "Moore acted lawfully in arresting [Esperanza] and the force was reasonable."  (Def.'s Mot. 5.)  Defendant asserts that Plaintiffs have not produced evidence indicating that Esperanza's injuries were injured by

the handcuffs in which she was placed and that there has not
been any allegation that her wrists "continued to hurt after she
was removed from the cruiser." (*Id.*)  Defendant further argues
that Esperanza's "contributory negligence in holding the door
closed on Moore caused her own bruises, and she sought not
treatment for any physical or mental injury." (*Id.*)  Finally,
Defendant asserts that the nominal damages constitute the most
that may be recovered in the event that a jury ruling that
"Moore violated Esperanza's constitutional rights by setting
foot on her doorframe[....]" (*Id.*)

     Plaintiffs oppose the motion, asserting that damages are a
significant issue in the present case as a consequence of the
"actual injury" element of their § 1983 claim against Defendant.
(Opp'n 10-12.)  Plaintiffs state that Dr. Mack's testimony will
not pertain to actual physical injury.  Rather, his testimony
will pertain to purely psychological injuries suffered by the
Plaintiffs.  Plaintiffs state that Dr. Mack's testimony and his
accompanying report will be supportive "directly to the issue of
damages and will aid the jury in assessing the nature and extent
of the harm [...]" (*Id.*)

     The Supreme Court has noted that the primary purpose of the
damages remedy in § 1983 litigation is "to compensate persons
for injuries caused by the deprivation of constitutional
rights." *Carey v. Piphus*, 435 U.S. 247, 264 (U.S. 1978).  In

*Carey*, the Court held that compensatory damages for a constitutional violation under § 1983 must be based on the actual injuries suffered by the plaintiff.  The Court also ruled that actual damages will not be presumed in a procedural due process case and, without proof of damages, the plaintiff will be entitled only to nominal damages.  *Id*. at 267.  The Court further held that mental and emotional distress actually caused by denial of procedural due process is compensable under § 1983.  *Id*. at 263-64.

This Court will deny Defendant's motion to exclude evidence and testimony as to damages.  Excluding testimony and evidence as to damages would deny Plaintiffs the very remedy that they seek through bringing a § 1983 claim.  This Court declines to encumber the litigation of their claim in such a manner.  This Court will deny that component of Defendant's motion.

6. <u>Motion *in Limine* to Exclude Evidence of Disciplinary Proceedings Involving Sergeant Moore and Prior or Subsequent "Bad Conduct"</u>

Defendant moves to exclude as "irrelevant to the subject incident" any evidence of prior or subsequent disciplinary proceedings involving Sergeant Moore. (Def.'s Mot. 4.) Defendant asserts that his prior disciplinary action is irrelevant to the present action, as the subject matter is remote from that in the present case.  Defendant further asserts that subsequent discipline is inadmissible because "it amounts

12

to subsequent remedial measures" and that the discipline "has no subject matter relevance to the 11/25/07 incident, was remote in time, and has no causal link to Plaintiffs' alleged injuries." (*Id.* at 4-5.)  He also denies that the acts demonstrate habit. (*Id.* at 5.)  Should any of the aforementioned material be admitted, Defendant states that he will rebut the same with positive evaluations and positive character evidence.  He also asserts that under such circumstances Defendant "should likewise have the right to introduce evidence concerning any 'bad acts', reputation for untruthfulness, bias against police, habit, motive, and/or negative character inference by Esperanza."  *Id.* Defendant has not cited any legal authority or case law to support this motion.

Plaintiffs do not oppose Defendant motion to the extent that Defendant agrees not to introduce Rule 404(b) character evidence against Plaintiffs.  (Opp'n 13.)  Plaintiffs argue in the alternative that they would introduce such evidence in order to show that Defendant's actions "were not a mistake or accident." (*Id.*)  Plaintiffs then proceed to rebut Defendant's manifold arguments as to the inadmissibility of the evidence he seeks to exclude *in limine*.  (*Id.* at 13-15.)

Regarding the admissibility of Defendant's other acts, Rule 404(b) of the Federal Rules of Evidence provides that

> [e]vidence of other crimes, wrongs, or acts
> is not admissible to prove the character of
> a person in order to show conformity
> therewith. It may, however, be admissible
> for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake
> or accident....

Rule 404(b), Fed.R.Evid.  In the Fourth Circuit, evidence of

prior acts must meet four requirements to be admissible under

Rule 404(b).  The evidence must be (i) relevant to an issue

other than character, (ii) necessary or probative of an

essential claim or an element of the crime charged, (iii)

reliable, and (iv) admissible under Rule 403. *United States v.*

*Queen*, 132 F.3d 991, 995, 997 (4th Cir.1997).  Rule 404(b)

permits the introduction of prior acts to show "knowledge,

intent, and the absence of accident or mistake."

It is the understanding of this Court that Defendant has

been disciplined for speeding and for making a homophobic remark

to a fellow law enforcement officer.  In addition to the lack of

relevance of the disciplinary proceedings to the behavior of the

Defendant in the present action, their probative value to the

operative issues in this case would be substantially outweighed

by their potential to induce unfair prejudice against the

Defendant.  Furthermore, this Court considers unacceptable the

"waste of time [and] undue delay" that would result from the

14

presentation of such evidence.  Defendant's prior and subsequent "bad acts" are hereby excluded under Rules 403 and 404.

> 7. Motion *in Limine* to Exclude Testimony and Evidence Regarding Discrimination, Racial Profiling, and Immigration, and the Immigration Policy of Prince William County and the Police Department

Defendant's seventh motion *in limine* moves to exclude testimony and evidence regarding any immigration policies of Prince William County and the Police Department, as well as any evidence or testimony "concerning discrimination, immigration or racial profiling [...]"  (Def.'s Mot. 5.)  Defendant cites the dismissal of "all claims against Chief Deane and the County that might be interpreted as unconstitutional policy, practice or custom" as justification and asserts that the Plaintiffs have failed to demonstrate that "discrimination or racial profiling as the basis for any action by any Defendant in this case."  (*Id.* at 6.)

In their Opposition, Plaintiffs argue that Esperanza's supposed knowledge of such policies is probative of her lack of consent.  (Opp'n 15-16.)  On August 27, subsequent to oral argument on Defendant's Motions, Plaintiffs filed an array of supplemental exhibits relating the respective immigration policies of Prince William County and its Police Department.  [Dkt. 218.]  Plaintiffs also filed an accompanying Motion for Leave to File Under Seal.  [Dkt. 219.]

Due to the confidential nature of the documents associated with this motion, this Court will address this motion in a separate opinion.

### 8. Motion *in Limine* to Exclude the Testimony of Plaintiffs' Expert Dr. Klotz

In his eighth motion *in limine*, Defendant moves to exclude both the testimony of Plaintiffs' expert Robert Klotz and any report associated with his proposed appearance as irrelevant because "[t]his Court has dismissed all claims alleging unconstitutional policy, practice, custom, training or supervision...." (Def.'s Mot. 8.)  Defendant further asserts that "Mr. Klotz'[s] attempts to resolve the factual issue in dispute concerning consent to enter in Plaintiffs['] favor, usurps the function of jury as trier of fact." (*Id.*)  Finally, Defendant questions Mr. Klotz's qualification to serve as an expert witness in this case as "he has not worked as a police officer since 1980, has never worked as a police officer in Virginia, and has never testified in any Virginia court." (*Id.*) Defendant has not cited any legal authority or case law to support his motion.

In their opposition to Defendant's motion, Plaintiffs state that the testimony of Mr. Klotz pertaining to police procedure will serve "as a counterpoint to Defendant's assessment of the situation and will offer the jury an unbiased interpretation of

the events." (Opp'n at 19.) Plaintiffs assert that Mr. Klotz is a sufficiently qualified expert and that "his testimony will aid the jury in evaluating the credibility and actions of Defendant on the day in question." (*Id*. at 17.) Plaintiffs further state that Mr. Klotz will offer testimony as to the propriety of Defendant's actions. (*Id*. at 19).

Rule 702 of the Federal Rules of Evidence, which was amended effective December 1, 2000, to reflect the Supreme Court's rulings in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (U.S. 1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (U.S. 1999), now provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Expert testimony, in order to be reliable, "must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)(citing *Daubert*, 509 U.S. at 590, 592-93) (emphasis in original).

"Reliability of specialized knowledge and methods for applying it to various circumstances may be indicated by testing, peer review, evaluation of rates of error, and general acceptability." *Id.* (citing *Daubert*, 509 U.S. at 593-94).  A district court's decision with respect to the admissibility of expert scientific testimony "is always a flexible one, and the court's conclusions necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability." *Id.; see also Cooper*, 259 F.3d at 200 (noting the Supreme Court's statement in *Kumho Tire* that trial judges "must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable") (quoting *Kumho Tire*, 526 U.S. at 152).  As a general matter, the qualifications of a witness to render expert testimony are to be liberally judged under Rule 702.  *United States v. Perkins*, 470 F.3d 150, 157 (4th Cir. Va. 2006) (quoting *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246-47 (9th Cir. 1997)).

Subject to certain exceptions, Federal Rule of Evidence 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, such testimony can be excluded if it is not "otherwise admissible."  Fed. R. Evid. 704(a).  As the Rules Advisory

Committee explained, "[t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions," because the expert testimony must be helpful to the trier of fact and not waste time pursuant to Rules 701, 702, and 403. Fed. R. Evid. 704 Advisory Committee's Note.  Collectively, these rules of evidence "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach," and require the court to "exclude opinions phrased in terms of inadequately explored legal criteria." *Id*.  Opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible. *United States v. McIver*, 470 F.3d 550, 561-62 (4th Cir. 2006).

The Court has reviewed Mr. Klotz' qualifications to serve as an expert witness.  Mr. Klotz holds a B.S. degree in criminology and criminal sciences from the University of Maryland, College Park, and has supplemented his education with a number of continuing professional education classes in his field.  He has twenty-five years of experience as an officer of the Metropolitan Police Department in Washington, D.C.  Mr. Klotz is a member of many professional organizations relating to law enforcement and has published numerous articles relating to police procedure.  [Dkt. 206].  Based upon his curriculum vitae, the Court finds that Mr. Klotz is properly qualified to serve as an expert on police procedure.

Regarding the issues upon which Mr. Klotz may properly testify, Mr. Klotz is forbidden from making improper credibility determinations, as doing so would usurp the jury's role in assessing credibility.  Expert witnesses are not permitted to testify as to witness credibility.  *See United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995); *see also United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996) (stating "determinations of credibility are within the sole province of the jury")(quoting United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995)); *Jacobs v. College of William and* Mary, 517 F.Supp. 791, 794 (E.D.Va 1980)("Issues of fact should be left to the determination of the jury, whose duty it is to determine the credibility of the witnesses [...]"); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (U.S. 2000).  In this case, the issue of consent by its very nature would seemingly require Mr. Klotz to take tremendous care not to make inappropriate credibility determinations when addressing the subject.

Furthermore, as a consequence of his lack of personal knowledge or involvement, Mr. Klotz must take care not to offer testimony that amounts to speculation, particularly with respect to the operative issues in this case.  This Court will disregard his opinion on such matters if they constitute mere speculation, not supported by facts.  *See Anderson v. National R.R. Passenger*

*Corp.*, 866 F. Supp. 937 (E.D.Va. 1994)(citing *May v. Dover Elevator Co.*, 845 F.Supp. 377, 381 (E.D.Va. 1994) (finding purely speculative an expert's theory that lacked physical evidence to support it but that was, according to the expert, "the only plausible explanation")); *Stokes v. L. Geismar, S.A.*, 815 F.Supp. 904, 909 (E.D.Va. 1993), *aff'd*, 16 F.3d 411 (4th Cir. 1994) (holding that an expert's testimony as to causation was mere speculation where the expert himself admitted that his explanation of the cause was not the only reasonable one); *see also Rohrbough v. Wyeth Labs*. Co., 719 F.Supp. 470, 474 (N.D.W.Va. 1989), *aff'd*, 916 F.2d 970 (4th Cir. 1990).

This Court has genuine concerns as to whether his testimony will encompass material that would not "assist the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702, or might even mislead the jury or confuse the issues.  Additionally, this Court is wary of the potential for such testimony to waste time or constitute the needless presentation of cumulative evidence.  *See* Fed. R. Evid. 403. This Court will remain vigilant in its continuing duty to exclude inappropriate evidence and testimony.

The Court will deny Defendant's motion and preliminarily rules that Mr. Klotz may serve as an expert witness on police procedure.

9. Motion *in Limine* to Exclude Evidence of Prior
State Court Proceedings and Statements Made
Therein

Defendant's ninth motion *in limine* moves to exclude

evidence and testimony as to the disposition of related state

court proceedings and statements made therein, particularly the

state court judge's statement that Officer Moore's entry was

"unlawful." (Def.'s Mot. 6-7.) Defendant has not cited any

legal authority or case law to support this motion. Plaintiffs

oppose this motion based upon their contention that the state

court's dismissal of charges against Juan and Esperanza Guerrero

is relevant to the issue of attorney's fees and costs. (Opp'n

19-21.)

As a general proposition, this Court has no disagreement

that attorneys' fees actually incurred in a criminal proceeding

as a foreseeable result of the defendant's acts may well be

properly recoverable as an element of actual damages in an

action under § 1983. *See Kerr v. City of Chicago*, 424 F.2d

1134, 1141 (7th Cir.), *cert. denied*, 400 U.S. 833, 91 S.Ct. 66,

27 L.Ed.2d 64 (1970); *McArthur v. Pennington*, 253 F.Supp. 420,

430 (E.D.Tenn. 1963). However, The Fourth Circuit has not

spoken as to the proper scope of damages in this regard for

unreasonable searches, let alone in the context of a fact

pattern resembling the instant case. The Court will presently

defer ruling on the whether such fees are recoverable at this

preliminary juncture in the interest of avoiding resolution of this complex issue within the context of a motion *in limine*. The Court will allow the admission of testimony and evidence pertaining to the resolution of this issue of law to the extent it is still disputed between the parties.

The Court is strongly inclined to render evidence and testimony regarding those proceedings inadmissible.  It must be noted that, from a substantive legal perspective, those previous state court proceedings are irrelevant to the issue operative to Plaintiffs' § 1983 claim, *i.e.* consent.  This Court is aware that there exists a substantial possibility that the jury could be confused or misled in the absence of nuanced appreciation for the substantive and procedural dissimilarities between the legal proceedings in Virginia state court and this Court.  There are considerable differences between that criminal action in state court and the present civil action in federal court.  The mere threshold matter of identifying the parties would require delving into matters that would entail some complexity. The present Defendant was not a party to those state court proceedings.  The present Plaintiffs in this civil case were the criminal Defendants in the state court proceedings, a distinction with the inherent possibility of confusing a jury of laymen. Furthermore, those proceedings employed a different legal regime, that of Virginia state criminal law, than employed

in the present § 1983 action.  However, the Court will defer
ruling on the totality of the issue at this preliminary
juncture, as such material may still have some relevance for
purposes such as impeachment.

The state judge's comment made during the course of the
previous state court proceedings that Defendant's entry was
"unlawful" is barred as hearsay not falling into any exception.

>    10.  <u>Motion *in Limine* to Exclude Argument or Jury
>         Instruction Regarding Esperanza's Right to Use
>         Force to Resist Unlawful Arrest</u>

Defendant's tenth motion *in limine* moves to bar argument or
jury instruction to the effect that Esperanza had the right to
use force to resist an allegedly unlawful arrest.  (Def.'s Mot.
6-7.)   Regarding Defendant's proposal as to jury instruction,
Plaintiffs oppose this motion as procedurally premature.  (Opp'n
21.)  Plaintiffs further oppose the Defendant's motion to
exclude argument pertaining to Esperanza's right to resist an
allegedly unlawful arrest as unnecessary, as they state that
"[t]he legality of Esperanza's resistance has no bearing on the
issue of Defendant's liability under § 1983, nor does it impact
the damages her family suffered."  (*Id.*)

Whether Defendant's search was unreasonable is the issue to
be decided in this proceeding.  This Court does not appreciate
the relevance to the operative issues of argument relating to

whether Esperanza had the right to use force to resist
Defendant's allegedly unlawful arrest.  To the extent that it
may have passing relevance to a fact or issue of consequence,
this Court deems such argument excluded under Rule 403 as
resulting in "undue delay [and] waste of time."  Fed. R. Evid.
403.

This Court declines to issue a ruling on jury instruction
at this preliminary juncture.

11. Motion *in Limine* to Exclude Evidence and
Testimony Regarding the Use of Force in the
Present Case and County and Police Department
Policy Relating to the Use of Force

Defendant's eleventh motion *in limine* moves to exclude
evidence and testimony to the effect that "the Use of Force
investigation was inadequate, or that excessive force was used,
or that County or Police Department policies, practices, customs
and/or training were unlawful or inadequate."  (Def.'s Mot. 7.)
Defendant has not cited any legal authority or case law to
support this motion.

Plaintiffs oppose Defendant's motion.  They contend that
such evidence is relevant to the determination of whether
Defendant's search was unlawful.  (Opp'n 22.)  Additionally,
Plaintiffs assert that such evidence is material to discrediting
Defendant's potential defenses of consent or the mistaken belief
that the summons granted him the authority to enter the

premises.  (*Id*.)  Finally, Plaintiffs state that such material
is relevant to damages.  (*Id*.)

Use of force is no longer an issue in this case, as
the remaining claim concerns an unreasonable search in violation
of the Fourth Amendment.  This Court will exclude any evidence
or testimony that might "confus[e] of the issues, or mislead[]
the jury[,]" or result in "undue delay, waste of time, or
needless presentation of cumulative evidence." Fed. R. Evid.
403.  Although this Court takes does not appreciate the
relevance of such material in determining whether a
constitutional violation has taken place, it will not outright
exclude any evidence or testimony that touches on the issue at
this preliminary juncture, as such material may still have some
relevance for purposes such as impeachment or determination of
damages.  The Court will deny defendant's motion to that extent.

As to the use of such material to prove that Defendant's
search was unreasonable, Seventh Circuit has eloquently stated
that "the violation of police regulations or even a state law is
completely immaterial as to the question of whether a violation
of the federal constitution has been established." *Bruce v.
City of Chicago*, Case No. 09-C-4837, 2011 U.S. Dist. LEXIS
83421, at *4 (N.D.Ill. 2011)(quoting *Thompson v. City of
Chicago*, 472 F.3d 444, 455 (7th Cir. Ill. 2006)).  Use of such
material to determine the lawfulness of Defendant's conduct in

the specific instance would neither be helpful nor proper. Defendant's motion is granted to that extent.

### B. Defendant's Motions *in Limine* to Admit

#### 1. Motion *in Limine* to Admit Evidence that Antonia Munguia Lived at the Home

In their first motion *in limine* to admit, Defendants move to admit testimony and documentary evidence showing that Munguia did live at the Guerrero home. (Def.'s Mot. 7-8.) Plaintiffs oppose the admission of such evidence on the grounds that it is irrelevant to the present action. (Opp'n 23.)

The Court will allow the admission of evidence that Antonia Munguia lived at the Guerrero home. It has been shown that Officer Moore's reason for visiting the residence was to serve a summons on Antonia Munguia. This information is relevant to demonstrating that Defendant's initial purpose for visiting the Guerrero residence on November 24, 2007 was not arbitrary. Consequently, this Court will grant Defendant's motion *in limine* to admit evidence that Ms. Munguia lived at the Guerrero home.

#### 2. Motion *in Limine* to Admit Only Testimony from Moore and Esperanza as to the Events that Transpired Prior to the Arrival of Officers Potes, Hurley, and Caplan

Because "[o]nly Moore and Esperanza know what happened at the door between them[,]" Defendant's second motion *in limine* to admit moves to limit those witnesses that are permitted to

testify as to the events that occurred between the parties prior to the arrival of Officers Potes, Hurley, and Caplan.  Defendant asserts that only Plaintiff Esperanza and Defendant Moore should be allowed to testify on such matters.  (Def.'s Mot. 8.) Plaintiffs oppose this motion and, citing Rule 602, asserts that "any witness who observed or heard the events is qualified to testify to those matters so long as they confine they their testimony to the limits of their personal knowledge and do not speculate." (Opp'n  24-25).

This motion is tantamount to a motion *in limine* to exclude all other potential witnesses from testifying to the subject matter.  This Court agrees with Plaintiffs' invocation of Rule 602.  Defendant also can be assured that no witness will be allowed to offer inappropriate opinion evidence or testimony based upon mere speculation in this Court.  This will continue to act as a gatekeeper against testimony or evidence that constitutes inadmissible hearsay or would cause unfair prejudice to either party.  The Court will not, however, preemptively bar testimony from witnesses as to what occurred where there exists the possibility that such testimony may be properly admissible. Defendant's motion is denied.

3.  Defendant's Motions *in Limine* to Admit as
    Stipulated Fact Nos. 3-5

With regard to Defendant's motions *in limine* to admit various facts pertaining to the case as stipulated, and referring specifically to his third, fourth, and fifth motions, it appears that both parties misunderstand the precise nature of factual stipulations.  (Def.'s Mot. 8-9.)  *Black's Law Dictionary* provides the relevant definition of "stipulation" as "[a] voluntary agreement between opposing parties concerning some relevant point; esp. an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding."  *Black's Law Dictionary* 1455 (8th ed. 2004).  "The primary purpose of entering into a stipulation is to 'dispense with proof over matters not in issue, thereby promoting judicial economy at the convenience of the parties.'"  *United States v. Lentz*, 419 F. Supp.2d 843, 844 (E.D. Va. 2006) (granting United States' motion to enforce stipulation) (quoting *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980) and citing *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999) and citing J. Wigmore, [*8] Evidence, §§ 2588-2597 (3d ed. 1940)).  It also bears mentioning that parties' voluntary entry into an agreement to a factual stipulation does not constitute an analogous situation to the court taking judicial notice of facts under Rule 201 of the Federal Rules of Evidence.

As the *Black's Law Dictionary* definition indicates, stipulation requires mutual assent by the parties entering into

the agreement.  In the present case, Plaintiffs do not agree to the Defendant's proposed factual stipulations.  Consequently, Defendant's third, fourth and fifth motions *in limine* are denied.

### 4. Motion *in Limine* to Admit as Stipulated Fact No. 6.

The component of Defendant's sixth motion *in limine* that seeks to admit the length of time it took to conduct Esperanza's arrest as stipulated fact is also denied as a consequence of Plaintiffs' express objection.  (Opp'n 26.)  Regarding Defendant's proposed factual stipulations regarding the operational intricacies of Prince William-Manassas Regional Adult Detention Center, as a consequence Plaintiffs' conditional agreement to the Defendant's proposed stipulations, this Court will defer ruling provided that Defendant is capable of producing the requested documentary evidence.  (Def.'s Mot. 9.)

### IV.   Conclusion

For the foregoing reasons, the Court rules as follows:

(1)      Defendant's Motion *in Limine* to Exclude Defendants Does and Roes is considered moot;

(2)      Defendant's Motion *in Limine* to Exclude All Other Defendants and Counts Except Count I as to Sergeant Moore is considered moot;

(3)    Defendant's Motion *in Limine* to Exclude All Testimony
and Evidence Relating to Events that Transpired After the
Arrival of Officers Potes, Hurley, and Caplan is denied;

(4)    Defendant's Motion *in Limine* to Exclude Portions of
the 911 Audiotape After 6:23 is denied;

(5)    Defendant's Motion *in Limine* to Exclude Testimony or
Evidence as to Damages and Plaintiffs' Expert Dr. Avram Mack
is denied;

(6)    Defendant's Motion *in Limine* to Exclude Evidence of
Disciplinary Proceedings Involving Sergeant Moore and Prior or
Subsequent "Bad Conduct" is granted;

(7)    Defendant's Motion *in Limine* to Exclude Testimony and
Evidence Regarding Discrimination, Racial Profiling, and
Immigration, and the Immigration Policy of Prince William
County and its Police Department is addressed by the Court in
a separate Memorandum Opinion;

(8)    Defendant's Motion *in Limine* to Exclude the Testimony
of Plaintiffs' Expert Dr. Klotz is denied;

(9)    Defendant's Motion *in Limine* to Exclude Evidence of
Prior State Court Proceedings and Statements Made Therein is
granted in part and denied in part;

(10)   Defendant's Motion *in Limine* to Exclude Argument or
Jury Instruction Regarding Esperanza's Right to Use Force to

Resist Unlawful Arrest is granted in part and deferred in part;

(11)   Defendant's Motion *in Limine* to Exclude Evidence and Testimony Regarding the Use of Force in the Present Case and County and Police Department Policy Relating to the Use of Force is granted in part and denied in part;

(12)   Defendant's Motion *in Limine* to Admit Evidence that Antonia Munguia Lived at the Home is granted;

(13)   Defendant's Motion *in Limine* to Admit Only Testimony from Moore and Esperanza as to the Events that Transpired Prior to the Arrival of Officers Potes, Hurley, and Caplan is denied;

(14)   Defendant's Motion *in Limine* to Admit as Factually Stipulated that Defendant's Foot and Leg were "slammed" in the Door, Thereby Causing him Harm is denied;

(15)   Defendant's Motion *in Limine* to Admit as Stipulated the Facts that Esperanza "told her daughter to call 911", that "Esperanza yelled 'lots of times' at [Defendant] as she held the door closed on his leg," that Esperanza pushed on the door "so hard that it caused bruising to her own knee," and that "Esperanza resisted arrest by continuing to push the door closed on Defendant's leg and screaming at him for five minutes" is denied;

(16)    Defendant's Motion *in Limine* to Admit as Factually
Stipulated that "Esperanza knew the other officers had arrived
at her house, but continued to hold the door closed on
[Defendant]'s leg and never voluntarily opened the door" is
denied; and

(17)    Defendant's Motion *in Limine* to Admit as Factually
Stipulated that "once [the officers] entered [the house],
Esperanza was arrested and taken outside in 90 seconds" and
"that [Prince-William Manassas Regional Adult Detention
Center] is not controlled by Prince William County and has no
County employees" is denied in part and deferred in part.

An appropriate Order will issue.


_____/s/_____
September 4, 2012              James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE