```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division


ESPERANZA GUERRERO, et al.     )
                               )
     Plaintiff,                )
                               )
                               )
          v.                   )     1:09cv1313 (JCC/TRJ)
                               )
CHARLIE DEANE, et al.          )
                               )
     Defendant.                )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion for Leave to File Under Seal an Unredacted Copy of their [Corrected] Motion in Limine and Memorandum of Law in Support of Plaintiffs' Motion in Limine to Exclude Evidence Regarding Prior "Other-Acts" [Dkt. 209] (the "Motion").  For the following reasons, the Court will grant Plaintiffs' Motion.

### I. Background

#### A. Factual Background

The factual background of this case is recited in detail in the Court's October 27, 2010, Memorandum Opinion granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiffs' motion for partial summary judgment.  *See Guerrero v. Deane*, 750 F. Supp. 2d 631

1

(E.D. Va. 2010).  Familiarity with that Memorandum Opinion is presumed.

To summarize, on November 24, 2007, Defendant Officer David Moore, an officer in the Prince William County Police Department, went to Plaintiffs' home in order to serve a summons on one Antonia Munguia.  Plaintiff Esperanza Guerrero answered the door and told Officer Moore that Ms. Munguia was not present.  Ms. Guerrero then asked Officer Moore for his business card.  Officer Moore produced his card and stepped onto the threshold of the Guerreros' home.  The parties dispute what happened next.  According to Plaintiffs, Ms. Guerrero then began closing the door, and Officer Moore attempted to force his way into the home.  According to Defendant, Ms. Guerrero initially took a step backward while further opening the door, but then charged forward and pushed Officer Moore out of the house.  The parties agree that the door closed on Officer Moore's leg or foot.  Officer Moore struggled against the door, attempting to enter the home and arrest Ms. Guerrero.

While his foot was wedged in the door, Officer Moore called for assistance.  The first officer to respond was Officer Luis Potes, followed immediately by Officers Matthew Caplan and Adam Hurley.  The officers pushed open the door, freeing Officer Moore's leg, and entered Plaintiffs' home.  The officers' entry forced Ms. Guerrero to the floor.  As the officers were placing

2

Ms. Guerrero under arrest, her husband, Juan Guerrero, came towards the officers, either running rapidly or walking fast. Once Mr. Guerrero was very close to the officers, an officer deployed pepper spray on him.  Both Mr. Guerrero and Ms. Guerrero were placed under arrest and placed in custody at the Adult Detention Center.  Both suffered minor injuries as well.  As a result of the incident, Plaintiffs alleged violations of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and asserted certain Virginia state-law claims.

### B. Procedural Background

On October 15, 2010, Plaintiffs filed a Motion for Leave to File Under Seal an Unredacted Copy of Their Memorandum of Law in Support of Plaintiffs' Motion *in Limine* to Exclude Evidence Regarding Prior "Other-Acts" and Exhibit A Thereto.  [Dkt. 147.] On the same day, Plaintiffs filed a Memorandum in Support of their Motion for Leave to File Under Seal.  [Dkt. 148.]  On September 9, 2010, a Protective Order was entered by Magistrate Judge T. Rawles Jones, Jr. designating certain material as confidential in this case.  [Dkt. 106.]  On August 20, 2012, Plaintiffs filed a Motion for Leave to File Under Seal and Unredacted Copy of their [Corrected] Motion *in Limine* and Memorandum of Law in support of Plaintiffs' Motion *in Limine* to

Exclude Evidence Regarding Prior "Other-Acts."  [Dkt. 209.]
Defendant filed an Opposition on the same day.  [Dkt. 212.]

## II. Standard of Review

The Fourth Circuit has delineated the steps that a district court must take before sealing a document: "it must (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citing *Stone*, 855 F.2d at 181; *In re the Knight Publ'g Co.*, 743 F.2d at 235).

## II. Analysis

In the Motion, Plaintiffs state that their Memorandum contains material designated confidential pursuant to the Protective Order entered by Magistrate Judge T. Rawles Jones, Jr. on September 9, 2010.  [Dkt. 106.]  The Confidentiality Order designates various categories of documents as confidential, including police internal affairs records, police training information, county or police personnel and medical

records, the criminal records of the individual parties, plaintiffs' medical records, the criminal records of individual plaintiffs or defendants, the names of the minor plaintiffs, the social security numbers, dates of birth, home addresses and telephone numbers of the individual parties, and school or juvenile records disclosed between the parties during this litigation and any appeals.  Additionally, Defendant has also designated all deposition transcripts and corresponding exhibits as confidential during discovery.  This Court will respect the Protective Order that has been entered in this case.

Applying the first *Ashcraft* factor, the public has had ample opportunity to object to the Motion, and the Court has received no objections; thus, the Plaintiffs have met the first *Ashcraft* requirement.

Applying the second *Ashcraft* factor, this Court has reviewed the Memorandum and finds that while there is a less drastic remedy than sealing the Memorandum *in toto*, the Court does not object to Plaintiffs filing under seal of an unredacted copy of their Motion and Memorandum.  *See Ashcraft*, 218 F.3d at 302.  The Memorandum expressly references to matters deemed confidential in this case, including names of minor Plaintiffs.  [Dkt. 106.]  The integrity of the Protective Order may be preserved by redacting any and all references to the confidential material made thereto.  The remainder of the

Memorandum consists of legal argument and matters of public record, which are of interest to the general public.  This Court believes that the second *Ashcraft* factor has been satisfied as to the portions of Memorandum that relate to material deemed confidential in this case, provided Plaintiffs file a partially redacted version of the Memorandum in the public docket.

This Court will grant Plaintiffs' motion to file an unreacted copy of the Memorandum.  The Court will allow Plaintiffs to redact personal identifiers, for they are subject to special local rules for exclusion.  *See* E.D.Va. Civ. R. 7(C)(1)&(2).  This Court will also allow Plaintiffs to redact from their Memorandum the material deemed confidential by the Confidentiality Order in this case.  [Dkt. 106.]  Plaintiffs shall file a partially redacted version of the Memorandum in the public docket.

Additionally, the Court was not required to make, and has not made, a final decision on the confidentiality.  If a different motion puts the secrecy of the Memorandum before the Court, and it rules as a matter of law that the document does not contain matters deemed confidential and that it otherwise should not be subject to the heightened protection of sealing, the Court can then unseal the Memoradum.  Likewise, if it later becomes appropriate to consider any component part of the

6

Memoradum separately, the Court can reconsider whether those component parts should remain under seal.

### IV. Conclusion

For these reasons, the Court will grant Plaintiffs' Motion for Leave to File Under Seal and Unredacted Copy of their [Corrected] Motion *in Limine* and Memorandum of Law in Support of Plaintiffs' Motion *in Limine* to Exclude Evidence Regarding Prior "Other-Acts."

An appropriate Order will issue.

|  |  |
|---|---|
| September 4, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

7