```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division


ESPERANZA GUERERRO, et al.     )
                               )
     Plaintiff,                )
                               )
                               )
       v.                      )    1:09cv1313 (JCC/TRJ)
                               )
CHARLIE DEANE, et al.          )
                               )
     Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion *in Limine* to Exclude the Proffered Expert Testimony of Carlos Robles and Phillip Harrover [Dkt. 150] (the "Motion"). For the following reasons, the Court will deny Plaintiffs' Motion.

### I. Background

**A. Factual Background**

The factual background of this case is recited in detail in the Court's October 27, 2010, Memorandum Opinion granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiffs' motion for partial summary judgment. See *Guerrero v. Deane*, 750 F. Supp. 2d 631 (E.D. Va. 2010). Familiarity with that Memorandum Opinion is presumed.

1

To summarize, on November 24, 2007, Defendant Officer David Moore, an officer in the Prince William County Police Department, went to Plaintiffs' home in order to serve a summons on one Antonia Munguia.  Plaintiff Esperanza Guerrero answered the door and told Officer Moore that Ms. Munguia was not present.  Ms. Guerrero then asked Officer Moore for his business card. Officer Moore produced his card and stepped onto the threshold of the Guerreros' home.  The parties dispute what happened next. According to Plaintiffs, Ms. Guerrero then began closing the door, and Officer Moore attempted to force his way into the home. According to Defendant, Ms. Guerrero initially took a step backward while further opening the door, but then charged forward and pushed Officer Moore out of the house.  The parties agree that the door closed on Officer Moore's leg or foot. Officer Moore struggled against the door, attempting to enter the home and arrest Ms. Guerrero.

While his foot was wedged in the door, Officer Moore called for assistance.  The first officer to respond was Officer Luis Potes, followed immediately by Officers Matthew Caplan and Adam Hurley.  The officers pushed open the door, freeing Officer Moore's leg, and entered Plaintiffs' home.  The officers' entry forced Ms. Guerrero to the floor.  As the officers were placing Ms. Guerrero under arrest, her husband, Juan Guerrero, came towards the officers, either running rapidly or walking fast.

Once Mr. Guerrero was very close to the officers, an officer deployed pepper spray on him.  Both Mr. Guerrero and Ms. Guerrero were placed under arrest and placed in custody at the Adult Detention Center.  Both suffered minor injuries as well.  As a result of the incident, Plaintiffs alleged violations of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and asserted certain Virginia state-law claims.

### B. Procedural Background

On October 15, 2010, Plaintiffs filed a Memorandum of Law in Support of Plaintiffs' Motion *in Limine* to Exclude Proffered Expert Testimony of Carlos Robles and Phillip Harrover (the "Memorandum") [Dkt. 158.]  On August 3, 2012, Defendant filed his Opposition to Plaintiffs' Memorandum.  [Dkt. 205.]  On August 12, 2012, Defendants filed a Noitce of Corrected Document re: Docket Entry 158 Motion *in Limine* re: Expert Testimony of Carlos Robles and Phillip Harrover.  [Dkt. 211.]

## II. Standard of Review

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  A court's ruling regarding a motion *in limine* is "subject to change when the case unfolds,

3

particularly if the actual testimony differs from what was [expected]."  *Luce*, 469 U.S. at 41.  A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994); *see also United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). "[The Court of Appeals] will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'"  *Id*. (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

### III. Analysis

Rule 702 of the Federal Rules of Evidence, which was amended effective December 1, 2000, to reflect the Supreme Court's rulings in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (U.S. 1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (U.S. 1999), now provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

4

Fed. R. Evid. 702. Expert testimony, in order to be reliable, "must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)(citing *Daubert*, 509 U.S. at 590, 592-93) (emphasis in original). "Reliability of specialized knowledge and methods for applying it to various circumstances may be indicated by testing, peer review, evaluation of rates of error, and general acceptability." *Id*. (citing *Daubert*, 509 U.S. at 593-94). A district court's decision with respect to the admissibility of expert scientific testimony "is always a flexible one, and the court's conclusions necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability." *Id.*; *see also Cooper*, 259 F.3d at 200 (noting the Supreme Court's statement in *Kumho Tire* that trial judges "must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable")(quoting *Kumho Tire*, 526 U.S. at 152). As a general matter, the qualifications of a witness to render expert testimony are to be liberally judged under Rule 702. *United States v. Perkins*, 470 F.3d 150, 157 (4th Cir. Va. 2006)

(quoting *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246-47 (9th Cir. 1997)).

Subject to certain exceptions, Federal Rule of Evidence 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, such testimony can be excluded if it is not "otherwise admissible." Fed. R. Evid. 704(a). As the Rules Advisory Committee explained, "[t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions," because the expert testimony must be helpful to the trier of fact and not waste time pursuant to Rules 701, 702, and 403. Fed. R. Evid. 704 Advisory Committee's Note. Collectively, these rules of evidence "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach," and require the court to "exclude opinions phrased in terms of inadequately explored legal criteria." *Id*. Opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible. *United States v. McIver*, 470 F.3d 550, 561-62 (4th Cir. 2006).

As a threshold matter, this Court finds that matters of police procedure remain relevant in this case. Indeed, Plaintiffs have offered their own expert witness on police procedure. Defendant has stated that he intends to use his

6

expert witnesses in part to rebut the testimony of Plaintiffs' expert witness. An expert witness need not have an identical background as another expert witness to rebut the latter's testimony, so long as both witnesses are qualified to testify as experts on the same designated issues. *Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs.*, Civil Action No. DKC 07-1388, 2012 WL 845550 (D.Md. 2012); *see also* Fed. R. Evid. 702. From the outset, there exists no reason as to why Defendant should be disallowed from offering expert witnesses as to police procedure.

Plaintiffs assert that Robles and Harrover are not qualified to testify as experts in this case because they do not satisfy *Daubert*. This Court has reviewed the record and will allow Robles and Harrover to testify as experts relating to matters of police procedure. The both individuals have demonstrated extensive experience in law enforcement. However, this Court will continue in its role as a warden against the admission of impermissible evidence or testimony. Both witnesses are forbidden from making improper credibility determinations, as doing so would usurp the jury's role in assessing credibility. Expert witnesses are not permitted to testify as to witness credibility. *See United States v. Dorsey*, 45 F.3d 809, 815 (4th Cir. 1995); *see also United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996) (stating "determinations of

7

credibility are within the sole province of the jury")(quoting United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995)); *Jacobs v. College of William and* Mary, 517 F.Supp. 791, 794 (E.D.Va 1980)("Issues of fact should be left to the determination of the jury, whose duty it is to determine the credibility of the witnesses [...]"); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (U.S. 2000). Further, because character or reputation is not currently at issue in the instant civil case, evidence as to character or reputation is not admissible. *See, e.g., Snead v. U.S.*, 217 F.2d 912, 914 (citing 20 Am.Jur., pp. 299 and 300). This Court will disallow any testimony on the part of Robles and Harrover to offer impermissible character on behalf of the Defendant. Additionally, the Court cautions that it will not allow the "needless presentation of cumulative evidence" in this case. Fed. R. Evid. 403.

Plaintiffs also object to the testimony on the witnesses on the grounds that they seek to offer improper legal conclusions. However, as this Court wrote in its recent opinion relating to Defendant's Motions *in Limine*, subject to certain exceptions, Federal Rule of Evidence 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, such testimony can be

excluded if it is not "otherwise admissible." Fed. R. Evid. 704(a). As the Rules Advisory Committee explained, "[t]he abolition of the ultimate issue rule does not lower the bar so as to admit all opinions," because the expert testimony must be helpful to the trier of fact and not waste time pursuant to Rules 701, 702, and 403. Fed. R. Evid. 704 Advisory Committee's Note. Collectively, these rules of evidence "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach," and require the court to "exclude opinions phrased in terms of inadequately explored legal criteria." *Id*. Opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible. *United States v. McIver*, 470 F.3d 550, 561-62 (4th Cir. 2006). Although the Court will disallow any otherwise improper testimony, it will not disallow the witnesses solely on those grounds.

Furthermore, this Court reiterates that speculation is not permissible, particularly with respect to the operative issues in this case. This Court will disregard his opinion on such matters if they constitute mere speculation, not supported by facts. *See Anderson v. National R.R. Passenger Corp.*, 866 F. Supp. 937 (E.D.Va. 1994)(citing *May v. Dover Elevator Co.*, 845 F.Supp. 377, 381 (E.D.Va. 1994) (finding purely speculative an expert's theory that lacked physical evidence to support it but

9

that was, according to the expert, "the only plausible explanation")); *Stokes v. L. Geismar, S.A.*, 815 F.Supp. 904, 909 (E.D.Va. 1993), *aff'd*, 16 F.3d 411 (4th Cir. 1994) (holding that an expert's testimony as to causation was mere speculation where the expert himself admitted that his explanation of the cause was not the only reasonable one); *see also Rohrbough v. Wyeth Labs*. Co., 719 F.Supp. 470, 474 (N.D.W.Va. 1989), *aff'd*, 916 F.2d 970 (4th Cir. 1990).

## IV. Conclusion

For these reasons, this Court will deny Plaintiffs' Motion to Exclude the Proffered Expert Testimony of Carlos Robles and Phillip Harrover.

An appropriate Order will issue.

                                    /s/
September 10, 2012              James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE